SHIRLEY S. ABRAHAMSON, C.J.
¶ 81. (dissenting). I have written in dissent in League of Women Voters v. Walker, 2014 WI 97, 357 Wis. 2d 360, 851 N.W.2d 302. That dissent also applies to the instant case. Indeed I incorporate my entire dissent in League of Women Voters in this dissent. The instant case, like League of Women Voters, is a facial challenge to Act 23, although it presents a richer factual record than does League of Women Voters.
¶ 82. Like the majority opinion[1] and Justice Crooks' dissent,[2] I agree that Act 23 creates a severe burden on the exercise of the right to vote. I join the *508 reasoning set forth in Justice Crooks' dissent concerning the substantial burden placed on the right of qualified voters to vote; the failure of the State to advance a compelling state interest; and the failure of the majority opinion in NAACP to remedy the burdens it identifies.[3] In particular, I agree with Justice Crooks' dissent that the record in the instant case demonstrates that a substantial number of constitutionally qualified registered voters in Wisconsin do not possess the required government-issued identification[4] and that the costs of obtaining such identification constitute a severe burden.[5]
¶ 83. I write separately, however, because as I wrote in my dissent in League of Women Voters, the NAACP opinion is confused and confusing regarding the standard of review.[6] Moreover, Wisconsin case law sets forth a stringent standard of review for voting rights cases applicable to both League of Women Voters and the instant case under the Wisconsin Constitution. The League of Women Voters case and the instant case ignore Wisconsin's jurisprudence regarding review of legislation regulating voting rights.
*509 ¶ 84. Nevertheless, whether I apply the Burdick/ Anderson standard of review or any variation thereof or the standard in Wisconsin's case law regarding review of legislation regulating voting rights, I conclude that Act 23 is unconstitutional. The State "may not burden the right to vote merely by invoking abstract interests, be they legitimate, or even compelling, but must make a particular, factual showing that threats to its interests outweigh the particular impediments it has imposed. The State has made no such justification here, and as to some aspects of its law, it has hardly even tried."[7]
¶ 85. Like Justice Crooks' dissent, I would hold that invalidating Act 23 is the only appropriate remedy. This court should not rule on administrative regulations not before us or rewrite a statute. For the foregoing reasons, I dissent.

 Majority op., ¶ 7 (noting that the statute creates a "severe burden on the right to vote").

 See Justice Crooks' dissent, ¶ 92.

 See also Frank v. Walker, 17 F. Supp. 3d 837 No. 11-CV-01128, 2014 WL 1775432 (E.D. Wis. Apr. 29, 2014). Although the instant case provides a slightly different record and the challenge in the instant case is raised under the Wisconsin Constitution, not the United States Constitution, the Frank court's reasoning that Act 23 imposes burdens on the right to vote and that the State failed to meet the requirements of the test laid out in Burdick v. Takushi, 504 U.S. 428 (1992), and Anderson v. Celebrezze, 460 U.S. 780 (1983), is instructive.

 See Justice Crooks' dissent, ¶¶ 114-118.

 See Justice Crooks' dissent, ¶¶ 119-134.

 See League of Women Voters v. Walker, 2014 WI 97, ¶¶ 112-136 (Abrahamson, C.J., dissenting).

 Crawford v. Marion Cnty. Election Bd., 553 U.S. 181, 209 (2008) (Souter, J., dissenting) (citation omitted).